***********
This matter was heard before Deputy Commissioner Berger on 21 May 1999 and on 15 December 1999. Subsequent to the record closing, this matter was assigned to Deputy Commissioner Garner for decision due to Deputy Commissioner Berger's administrative leave. The Full Commission, based upon the record of the proceedings before Deputy Commissioner Berger, and the briefs and oral arguments on appeal, reviewed this matter. The appealing party has shown good ground to amend the holding of the prior Opinion and Award. Accordingly, the Full Commission REVERSES the holding of the Deputy Commissioner and enters the following Opinion and Award. Furthermore, this matter is REMANDED to Deputy Commissioner Berger for further action.
 ***********
The Full Commission finds as facts, and concludes of matters of law, the following, which were entered into by the parties at and subsequent to the hearing before the Deputy Commissioner on 15 December 1999 as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction of the parties and of the subject matter.
3. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
4. An Employer-Employee relationship existed between the plaintiff and defendant-Employer.
5. The employer is self-insured, and Constitution State Services, Inc. is the third party administrator.
6. The plaintiff's first date of disability was March 30, 1998.
7. The plaintiff's average weekly wage was $383.39, yielding a compensation rate of $255.60 pursuant to a properly completed Form 22 (Wage Chart).
8. The plaintiff was employed as a repair hemmer-sewer on January 1, 1998.
9. Duties of a repair hemmer-sewer include, but are not limited to, positioning of inventory, the removal of stitching, cutting of material and/or thread, sewing, and movement of finished goods.
 ***********
Based upon the evidence of record, the Full Commission enters the following;
 FINDINGS OF FACTS
1. The plaintiff was employed as a textile repair sewer-hemmer at WestPoint Stevens for eight years as of August 19, 1999. She had been with the company for 12 years as of March 7, 1999.
2. Plaintiff first began having problems in her right hand on January 1, 1998, consisting of numbness in the middle finger when pulling on towels and radiating into the elbow.
3. The first medical treatment of the plaintiff's complaints was on January 2, 1998, in the plant nurses' station, where plaintiff received a wrapping, a dressing, and underwent a test.
4. On January 21, 1998, Dr. Nelson diagnosed the plaintiff with right long finger extensor tendonitis.
5. On January 8, 1998, plaintiff's personal physician, Dr. James E. Tovey, diagnosed her as having an IP joint strain, possible extensor tendon subluxation, and possible carpal tunnel syndrome.
6. Plaintiff returned to Dr. Nelson on February 4, 1998, with continued complaints of hand pain. Dr. Nelson again diagnosed right long finger extensor tendonitis and approved the plaintiff's continuance of her regular duty work.
7. On February 23, 1998, plaintiff's personal physician in Virginia, Dr. Rivas, diagnosed the plaintiff with "severe tenosynovitis, possible CTS."
8. Dr. Rivas referred the plaintiff to Dr. Adelaar, who evaluated her on March 16, 1998. Dr. Adelaar diagnosed the plaintiff with tenosynovitis, carpal tunnel syndrome, and epicondylitis.
9. Plaintiff underwent right carpal tunnel release by Dr. Adelaar on March 30, 1998, and was written out of work until May 21, 1998. Dr. Adelaar released the plaintiff to return to work on May 21, 1998.
10. Plaintiff returned to Dr. Nelson on July 16, 1998. Dr. Nelson diagnosed left thumb trigger finger, left ganglion cyst, right heel pain, probable plantar fascitis and right hand problem secondary to surgery. He found that none of these conditions were work-related.
11. The plaintiff was out of work from March 30, 1998, through May 21, 1998 due to carpal tunnel release surgery performed by Dr. Adelaar.
12. The plaintiff applied for and received AS Short-Term Disability Benefits from an employer-funded plan in the amount of $60.00 per week from March 30, 1998, through May 21, 1998.
13. In the attachments to her Form 44, the pro se plaintiff alleges that there are issues surrounding her firing that may entitle her to temporary total disability compensation after that date. Evidence was not taken on this issue.
 ***********
Based upon the foregoing findings of fact, Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff's carpal tunnel syndrome in her right arm is due to causes and conditions characteristic of and peculiar to her employment with defendant-employer, is not an ordinary disease of life to which the general public not so employed is equally exposed, and is, therefore, an occupational disease. N.C.G.S. § 97-53(13).
2. Plaintiff's right wrist tenosynovitis is due to causes and conditions characteristic of and peculiar to her employment with defendant-employer. N.C.G.S. § 97-53(21).
3. Plaintiff's tenosynovitis in her right long finger is due to causes and conditions characteristic of and peculiar to her employment with defendant-employer, is not an ordinary disease of life to which the general public not so employed is equally exposed, and is, therefore, an occupational disease. N.C.G.S. § 97-53(13).
4. At the time of plaintiff's contraction of her compensable occupational diseases, plaintiff's average weekly wage was $383.39, yielding a weekly compensation rate of $255.60. N.C.G.S. § 97-2(5).
5. As a result of her contraction of compensable occupational diseases, plaintiff is entitled to temporary total disability compensation at the rate of $255.60 per week, for the period from 30 March 1998, through 21 May 1998. N.C.G.S. § 97-29. This sum is subject to a credit to which defendants are entitled to for any funds received by plaintiff from an employer-funded disability plan.
6. Plaintiff is entitled to an additional hearing as ordered below.
 ***********
Based upon the foregoing findings of facts and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner, with modifications, and enters the following:
 AWARD
1. Defendants shall pay temporary total disability compensation at the rate of $255.60 per week from 30 March 1998, through 21 May 1998. This sum is subject to a credit to which defendants are entitled to for any funds received by plaintiff from an employer-funded disability plan.
2. Defendants shall pay all medical expenses, incurred or to be incurred, by plaintiff as a result of her compensable occupational diseases.
 ***********
IT IS FURTHER ORDERED that this case is remanded for a hearing before Deputy Commissioner Berger for the taking of evidence and a consideration of issues surrounding the events that transpired after the plaintiff was allegedly fired by defendant. The issues to be explored through the reception of new evidence should include, but are not limited to: whether plaintiff was terminated for reasons that would have terminated an uninjured employee; whether the job to which plaintiff was transferred was suitable within the meaning workers' compensation law; and whether plaintiff is entitled to temporary total disability compensation for the period after she was terminated by defendant-employer.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER